758 F.2d 306
 WESTINGHOUSE CREDIT CORPORATION, Appellee,
v.
The M/V CHARLES K and The M/V MARY PATRICIA, in rem:
Florida Marine Transporters, Inc., Wesley Bain,
Jr., Tom Corley, and Fred M. Webb, in
personam, Appellants.
 No. 84-1974.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 14, 1985.
Decided March 27, 1985.
 
 Clinton E. Foster, Panama City, Fla., for appellants.
 Isaac A. Scott, Jr., Little Rock, Ark., for appellee.
 Before HEANEY and ARNOLD, Circuit Judges, and HANSON,* Senior District Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 Westinghouse Credit Corporation brought this suit in admiralty to foreclose ship mortgages on two tugboats. Fred M. Webb, who personally guaranteed the notes secured by the mortgages, was also a defendant. The mortgages were foreclosed, and the tugboats sold. Webb is entitled to credit against the unpaid balance of the notes for the fair market value of the tugboats. The District Court[1] held an evidentiary hearing on this question and announced its findings from the bench (a practice which we commend). Webb appeals.
 
 
 2
 The principal question presented is whether the District Court's finding of fair market value (thought by the appellant Webb to be too low) is clearly erroneous. Having considered the appellant's arguments, we have no definite and firm conviction that the finding was mistaken, and we therefore cannot reject it.
 
 
 3
 Webb also argues that he should not have been charged with interest up to the date of the District Court's order confirming the sale. Interest, he says, should have stopped running at the time of the sale itself, or at any rate shortly thereafter, on the ground that Westinghouse could have more promptly obtained an order confirming the sale. The District Court's order confirming the sale was entered about two months after the sale took place, and interest for this two-month period is at stake. The Marshal's report of the sale, however, normally a preliminary step before the sale can be confirmed, was not filed until January 18, 1983, about a month after the sale itself, and Westinghouse's motion for confirmation came less than a month after that. While the matter might have been handled more quickly, Marshals have more than one duty, and lawyers have more than one client. The case was, on the whole, handled with reasonable expedition. Because it has not been shown that Westinghouse delayed unreasonably in asking for confirmation, we cannot say that the District Court erred in allowing interest up to the date of its order of confirmation.
 
 
 4
 We have considered Webb's other arguments and hold that they are without merit.
 
 
 5
 Affirmed.
 
 
 
 *
 The Hon. William C. Hanson, Senior United States District Judge for the Southern and Northern Districts of Iowa, sitting by designation
 
 
 [1]
 The Hon. Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas